Barber vs. The State of Florida—Syllabus.

Moses E. Barber, Plaintiff in Error, vs. The State of Florida, Defendant in Error.

1. The laws of 1868, (p. 68, § 43,) provide as follows: Whoever, without lawful authority, forcibly or secretly confines or imprisons another person within this State against his will, &c., shall be punished by imprisonment in the State penitentiary not exceeding ten years. The indictment charges that the defendant "did forcibly confine and imprison within this State, against his will, one George Bass:" *Held*, That the indictment failing to charge that the confinement and imprisonment was "without lawful authority," does not allege an offence under the statute or at common law.

2. A judgment will not be reversed on account of the refusal of the court to grant a continuance, unless there appears to have been an arbitrary and oppressive exercise of the discretion vested in the circuit court.

3. In applying for a change of venue in criminal cases upon the ground that a fair trial cannot be had in the county, the statute contemplates that facts shall be stated which satisfy the court that the motion is well founded. But whether this court can review the action of the circuit court in the exercise of its discretion in this matter, *quere?*

4. The challenge of a juror for cause does not preclude the exercise of the right of peremptory challenge afterwards.

5. It is the duty of a court under the laws of this State to hear any competent evidence in support of a valid objection to the competency of a juror, as by the examination of witnesses, and the like.

6. A person indicted for unlawfully imprisoning or confining another, may show in his defence or justification that the party confined or imprisoned was committing an offence, and that the arrest or confinement was for the purpose of taking the offender before a magistrate. The circumstances attending the arrest may be shown by the party arrested or confined, unless he decline to answer for lawful reasons.

7. When under the act of 1865, the defendant in a criminal case has been allowed by the court to make a statement of the matter of his defence under oath, before the jury, it is error for the court to charge the jury that they "cannot take such statement into consideration as evidence." The jury may take such statement into consideration, and attach to it such importance as in their judgment it may be entitled to. The court has only to judge of the propriety of allowing the defendant to make the statement.

8. A charge to the jury that if they "find that the defendant forcibly imprisoned or confined another without legal authority, against his will,

and that it was within this State, then it is your duty to find him guilty," is erroneous. The offence must be shown to have been committed within the county named in the indictment.

9. The act of the Legislature of 1866, authorizing Judges of the Circuit Courts to hold extra and special terms whenever in their judgment the public welfare and the cause of justice require it, is not repugnant to the letter or spirit of the present Constitution of this State.

Error to the Circuit Court for Orange county.

Moses E. Barber and others were jointly indicted by the grand jury for Orange county. at the Fall term of the circuit court, 1869, for the false imprisonment of one George Bass. The body of the indictment is as follows : " Orange County, to-wit : The Grand Jurors of the State of Florida, empanelled and sworn to inquire and true presentment make in and for the body of the county of Orange aforesaid, upon their oath do present that Moses E. Barber, Moses F. Barber and Thomas Johnson, all late of the county of Orange, laborers, on the nineteenth day of August, in the year of our Lord one thousand eight hundred and sixty-eight, at the county and State aforesaid, did forcibly confine and imprison within this State, against his will, one George Bass, of county and State aforesaid, contrary to the statutes in such case made and provided, and against the peace and dignity of the State of Florida."

The defendant was separately arraigned at a special term held in July and pleaded not guilty to the indictment and was then tried and found guilty by a jury, and by his counsel moved in arrest of judgment upon several grounds, one of which was that no offence is charged in the indictment.

The motion was overruled and the defendant excepted. The court sentenced the prisoner to imprisonment in the penitentiary for the term of one year.

The defendant then prosecuted a writ of error from this court.

*Fleming & Daniel* for Plaintiff in Error.

*A. R. Meek*, Attorney General, for the State.

Mr. Justice HART was not present at the hearing of this case.

RANDALL, C. J., delivered the opinion of the court.

The laws of 1868, p. 68, § 43, provide as follows : " Whoever, without lawful authority, forcibly or secretly confine or imprison another person within this State against his will, and confines or inveigles, or kidnaps another person, with intent either to cause him to be secretly confined or imprisoned in this State against his will, or to cause him to be sent out of this State against his will, and whoever sells, or in any manner transfers for any time, the services or labor of any other person who has been unlawfully seized, taken, inveigled or kidnapped from this State to any other State, place or country, shall be punished by imprisonment in the State penitentiary not exceeding ten years."

This indictment fails to charge in the language or spirit of the statute that the act done was " without lawful authority," and therefore no offence is alleged under this statute. There are other defects alleged in the indictment, but it is unnecessary to notice them in disposing of this case. The fact charged comes short of being a misdemeanor at common law. The motion in arrest of judgment should have been granted.

There are, however, several questions presented by the record, which in our judgment ought to be noticed in disposing of this case, and we will proceed to notice such of them as are deemed important.

The 3d error assigned is, that " the court refused to grant a continuance on motion and affidavit at the special term in July, 1869." It is unnecessary to consider the sufficiency of the affidavit in disposing of this case. The correct rule as understood by this court is contained in the case of Gladden vs. The State, 12 Fla., 562, 571.

The 4th error alleged is, that " the court refused to grant a change of venue on motion and affidavit." The statute

requires that the court on application for a change of venue shall be *satisfied* that a fair trial cannot be had in the county where the offence is alleged to be committed. An affidavit of the defendant or other persons that *they* are satisfied, is not sufficient. Facts must be stated and the court must be satisfied judicially. No facts or reasons are stated in the affidavit, and there was, therefore, nothing upon which the court could exercise its judgment. We express no opinion as to the power of this court to review the action of the Circuit Court in the exercise of discretion in matters of this character.

The 5th ground of error is, that " the court on the trial of said cause refused to allow jurors to be challenged peremptorily by defendant's counsel, after challenging for cause." The law provides that each party in civil causes shall be entitled to three peremptory challenges of jurors empanelled in any cause, and that every person arraigned for any offence shall be entitled to the same challenges allowed in civil causes. In empanelling the jury in this case, it appears that three persons called as jurors were challenged for cause by the defendant, and being examined on oath by the court as to their qualifications, were pronounced competent jurors. The defendant then challenged each of them peremptorily, and the court ruled that they could not be challenged peremptorily after being challenged for cause, to which ruling defendant excepted. In some of the States it is held that after a challenge for cause, the defendant cannot challenge peremptorily, upon the ground that when the party has challenged for cause and submitted the matter to the court he has waived the right of further challenge. In Massachusetts it is held in capital cases, that a peremptory challenge must be exercised if at all, before the jurors are examined as to their bias or opinions. In other States it is held that a prisoner may challenge for cause, reserving his right of peremptory challenge.

No reason is ever required for exercising this right. Black-

stone in his Commentaries (v. 4, p. 353,) says these challenges are allowed on two reasons. "1. As every one must be sensible what sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another, and how necessary it is that a prisoner should have a good opinion of his jury, the want of which might totally disconcert him, the law wills not that he should be tried by any one man against whom he has conceived a prejudice even without being able to assign a reason for his dislike. 2. Because upon challenges for cause shown, if the reasons assigned prove insufficient to set aside the juror, perhaps the bare questioning his indifference may provoke a resentment, to prevent all ill consequences from which the prisoner is still at liberty, if he pleases, peremptorily to set him aside."

It has been held by the Supreme Court of this State, 9 Fla., 215, that the right of peremptory challenge may be exercised at any time before a juror is sworn in accordance, with the rule in Virginia in the case of Herrick vs. Com. 5 Leigh, 708, in which it was held that a prisoner might even retract his election of a juror and challenge him peremptorily.

Without committing ourselves to this extreme view, we are very clearly of the opinion that the Judge of the Circuit Court erred in refusing the right of peremptory challenge after challenge for cause, considering the rule and the reasons for it as given by Blackstone to be the correct and proper ones under our statute, which gives the *right* to challenge peremptorily a given number of the jurors empanelled. See People vs. Bodine, 1 Denio, 281 ; 12 Wheaton, 480.

The 6th error assigned is, that " the court refused to admit the testimony of Wm. E. Roper, offered by defendant's counsel to prove Francis Foster was not a competent juror on the trial of said cause."

The law of 1868, (p. 20, § 24,) expressly provides that the person offered as a juror may be examined on oath respecting

his competency and indifference as a juror, " and the party objecting to the juror may introduce other competent evidence in support of the objection." It is, therefore, the duty of the court to hear any competent evidence in support of a valid objection, and the judge erred in his ruling in this respect.

The 8th error assigned is, that " the court refused to permit defendant's counsel on cross examination of the State witness George Bass, (named in the indictment,) to ask the question, " Whose cattle were you driving ?" The question doubtless related to the circumstances attending the unlawful imprisonment for which the defendant was indicted, and was asked with a view of showing that the prisoner was committing an offence at the time of his alleged unlawful arrest by the defendant and others. The question was objected to by the State attorney and the objection sustained. The witness did not object on the ground that the answer might criminate him. If the answer would tend to show that the witness was committing a crime at the time of his arrest by the defendant, it certainly was material to the defence, and the defendant was entitled to show the circumstances under which the arrest was made, not only in respect to the question of guilt, but also with respect to the punishment that might be inflicted upon him if convicted. Any person may arrest another who is in the act of committing an offence, for the purpose of taking the offender before a magistrate. Wharton's Cr. Pl. and Pr., 88, 97 ; 5 Cushing, 281 ; Archb. Cr. Pl., 266.

The 15th alleged error is, that " the court charged the jury that the statement of defendant is not evidence, and that they could not take such statement into consideration as evidence." It appears that the defendant was permitted by the court to make a statement of his defence on oath before the jury.

The act of 1865, " An act concerning Testimony," sec. 4, says, " In all criminal prosecutions the party accused shall

have the right of making a statement of the matters of his or her defence, under oath, before the jury, when in the opinion of the court the ends of justice shall so require."

We think the court erred in its instruction to the jury. The law provides that the defendant may, with leave of the court, make his statement on oath *before the jury.* The court is to judge whether in his opinion the ends of justice may be promoted by allowing the defendant to make such statement. There was some purpose to be subserved more than the mere amusement of the jury, in allowing the statement to be made. It is the jury alone who are entitled to consider the statement, and if it be remarked upon at all, it should be to suggest to the jury in effect, that they are to attach to it such importance, in view of the nature of the offence charged, and of the testimony before them, as in their good judgment it is entitled to. It is for their consideration alone, and they may disregard it entirely. The act was passed at a time when the jury were authorized to affix the penalty on conviction, and was doubtless designed to perform one of the purposes of the answer of a prisoner after verdict of guilty to the court in response to the customary question, "What have you to say why the sentence of the law should not be pronounced?" With this change in the law giving to the court the right to prescribe the punishment within certain limits this statute of 1865 remains, and the defendant is entitled, when permitted to make the statement, to the benefit or disadvantage of such impression as he may be able to make upon the judgment of the jury.

16th error. The court (on request of the State Attorney,) charged, "that if the jury find from the evidence that if a person was forcibly imprisoned or confined without legal authority, against his will, and that it was *within this State,* then it is your duty to find him guilty." We have already seen that the offence must be shown to have been committed within the jurisdiction of the court before which the

44

indictment was found. It is evident that the language of the whole of this part of the charge is too vague, and strictly construed may have meaning entirely opposite to that intended.

The 21st ground of error is, that the special term of the Circuit Court for Orange County at which this cause was tried, was not a legal term of said court.

It was urged that the law authorizing the holding of extra and special terms of courts to be appointed by the judges, (acts of 1866 p. 27,) is unconstitutional. The Constitution of the State in force when that law was passed, provided that " a Circuit Court shall be held in such counties, and at such times and places therein as may be prescribed by law." The act of 1866 authorized the judges to order and hold extra and special terms of said courts, whenever in their judgment the public welfare and cause of justice require the same." The Constitution of 1868, art. VI, sec. 7, says, " such judge shall hold two terms of his court in each county within his circuit each year, at such times and places as shall be prescribed by law." There is little difference in the language of the former and present constitutions, the latter requiring that there *shall be two* terms held in each county, and the former not containing this requirement. There is nothing in the words of the latter either expressly or impliedly limiting the number of terms to two in each county, but it requires that two terms *shall* be held at the times to be named by the Legislature. There are no negative words or words of limitation or restriction, and looking at the former Constitution and the law as it stood at the time of the framing of the present Constitution, it is probable that if it had been intended to limit the power of the Legislature, or to abrogate the former law, the framers would have employed language expressing that intention. Looking at this matter in this view, and knowing that the administration of justice some times requires the holding of terms of court on other occasions than those permanently appointed by law,

we conceive that it is within the power of the Legislature to provide for the holding of additional terms of the Circuit Courts at such times as may be deemed by the judges that the " public welfare and cause of justice requires the same."

As it does not appear that there was any irregularity in the convening of the court at the time of the trial of this case, we must hold that this error is not well assigned.

For reasons first above stated, the judgment of the Circuit Court must be arrested and this cause remanded with directions to quash the indictment.