# DECISIONS

## OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, 1875.

WILLIAM A. ROSS, APPELLANT, vs. THE STATE OF FLORIDA, APPELLEE.

An indictment charging one with having, without lawful authority, forcibly imprisoned another against his will, does not state an offense under Section 43 of Chapter III. of "An Act to provide for the punishment of crime and proceedings in criminal cases," approved August 6, 1868. Under that law the acts charged must have been committed "with intent to cause him to be secretly confined or imprisoned in this State against his will, or to cause him to be sent out of this State," &c. The Act of 1832, punishing false imprisonment by fine or imprisonment, stands unrepealed.

Writ of error from Fifth Circuit—Marion county.

The grounds of appeal are set forth in the following assignment of errors:

1. The court erred in refusing to quash the indictment.

2. The court erred in refusing to charge the jury that before they could find the prisoner guilty, they must find from the evidence that defendant "confined, or inveigled, or kidnapped the party charged with being falsely imprisoned, either with intent to cause such party to be secretly confined or imprisoned in this State against his will, or to cause him to be sent out of this State against his will."

3. The court erred in refusing the motion for a new trial.

4. The court erred in refusing to grant the motion for the arrest of the judgment.

Ross v. The State of Florida.

*S. St. George Rogers* for Appellant.

The points upon which plaintiff in error rests his case are as follows, to-wit:

1. That the court erred in refusing to quash the indictment in said cause upon the grounds and for the reasons stated in said motion, a copy of which is embraced in the record.

2. That the court erred in his charge to the jury, a copy of which appears in the record.

3. That the instructions asked for by State's Attorney, and given by the court, were contrary to law.

4. That the court erred in refusing to give to the jury the instructions asked by defendant's counsel.

5. That if the prosecution was instituted under the act of 10th of February, 1832, the same was a misdemeanor and not within the jurisdiction of the Circuit Court. See Constitution.

6. That it is not lawful for the grand jury of the Circuit Court to find bills for misdemeanors. See act February 19, 1874; act August 6, 1868.

7. That the court erred in refusing a new trial upon the grounds stated in the motion.

*Wm. Archer Cocke*, (Attorney-General,) for Appellee.

The indictment in this case is in accordance with the statute.

What does the statute set forth under the act of 1868, § 43, p. 68? *Vide* statute. What does the indictment set forth? *Vide* indictment.

Now examine the bill of exceptions, and it is only from it that this court can take cognizance of points of law that were raised in the court below. None can be presented here that are not in the bill of exceptions. *Vide* Frisbee and Johnson vs. Timanus, 12 Fla., 537. What are they?

1. That the verdict of the jury was contrary to the evi-

dence. This point cannot be sustained, because the bill of exceptions does not show what the testimony was.

2. That the verdict of the jury was contrary to law.

Examine the points of law made by the bill of exceptions:

1. That the indictment was for an offense committed under the act of February 12, 1833. *Vide* act. The offense under it was a misdemeanor. Every point in this article of the bill of exceptions is defective for this reason. The indictment is not under the act of 1833, but under the act of 1868, § 43, p. 68. In the said 43d section of this act there is a phraseology which connects different forms of the same crime in the same sentence, which is employed in the alternative. Thus, *imprisons* or secretly *confines*, &c.

2. The third point in the bill of exceptions sets forth that if the indictment was under the act of 1868 it was defective in this, that it did not set forth the full offense. This point in the bill of exceptions is not well taken, for it does not specify wherein the indictment fails to set forth the whole offense; but the indictment does set forth an offense sufficient to charge the criminal with a violation of the law.

3. That if the indictment was found under the act of 1868, it is insufficient. That it does not set forth the entire list of offences under the statute is no ground of exception to the indictment. It must say in terms what the defect is. As to the general scope and extent of an indictment under a statutory offence, *vide* State vs. Pearce, 15 Fla., 153.

4. That the court erred in the charge it gave to the jury. Examine the first charge by the court. It is legal, because in accordance with the statute. *Vide* act of 1868, sec. 43, p. 48.

5, 6 and 7. That the court erred in the charges it gave to the jury. Examine these charges *seriatim*. They are in accordance with the statute under which the defendant was tried and convicted. What is necessary to be charged in an indictment? *Vide* Wharton's Cr. Pr., vol. 1, p. 292, 7th ed.

The intent is inferred from the act committed. "When a statement of the act itself necessarily includes a knowledge of the illegality of the act, no averment is necessary." Wharton's Cr. Pr., sec. 297, 7th ed.

Reference has been made in the bill of exceptions. to the act of 1874, chap. 2009, (No. 34,) prohibiting grand juries from indicting persons for misdemeanors, &c. This statute would be a bar to this case if the defendant had been indicted under the act of 1833, which makes false imprisonment a misdemeanor, but the statute of 1868 makes it felony, and the act of 1874 has no connection with this case, the accused being indicted under the act of 1868.

As to the effect of the act on the offence of false imprisonment passed in 1833, *vide* act of 1868, sec. 30, p. 111.

RANDALL, C. J., delivered the opinion of the court.

Plaintiff in error was indicted for having, "without lawful authority, forcibly imprisoned one Thomas P. Gary against his will, and without any legal warrant, authority or reasonable or justifiable cause whatever, imprisoned and detained him so imprisoned for the space of five minutes."

Upon the trial the jury rendered a verdict of guilty, and the said William A. Ross was sentenced to imprisonment in the State prison for one year.

Before trial the prisoner's counsel moved to quash the indictment on the ground that the offence stated in the indictment was a misdemeanor only under the act of Feb'y 10, 1832, (Th. Dig., 490,) of which offence the Circuit Court had no jurisdiction, and that by law (act of Feb'y 19, 1874,) an indictment for a misdemeanor was a nullity, and that the indictment did not state an offence under the criminal law of 1868, (act of Aug. 6, 1868, p. 68.)

After verdict, prisoner's counsel moved in arrest of judgment upon the same grounds. The court refused to grant either motion, and this is assigned as error.

The act of August 6, 1868, provides that "whoever, with-

Ross v. The State of Florida.

out lawful authority, forcibly or secretly confines or imprisons another person, within this State, against his will, and confines, or inveigles, or kidnaps another person, with intent either to cause him to be secretly confined or imprisoned in this State against his will, or to cause him to be sent out of this State against his will, * * * shall be punished by imprisonment in the State Penitentiary not exceeding two years."

The plaintiff in error contends that under this act the unlawful imprisonment must be charged to have been committed *with intent* to cause the person imprisoned to be secretly confined or imprisoned in this State against his will, or to be sent out of the State against his will, and that an offence under this act is not well charged without alleging this intent. The counsel for the State insists that the statute of 1868 provides for punishing the offence of an unlawful imprisonment as a distinct offence ; and that an imprisonment or confinement with intent, &c., is another distinct offence, and that the copulative word " and," after the words " against hi. will," where it first occurs, may be construed as referring to another offence defined in the words which follow it.

The statute of Massachusetts, (from which our law was copied,) has the disjunctive " or" instead of " and," and yet the courts of that State understood the whole of the preceding words as referring to the intent to kidnap. (Com. vs. Blodgett and another, 12 Metcalf, 56.) The Legislature of this State, by the use of the word " and " instead of " or," has indicated beyond question that the same construction should be placed upon it; and by leaving the law of 1832 unrepealed, (which punishes the crime of false imprisonment as a misdemeanor only,) it is clear that it was not intended to punish every unlawful confinement or restraint of another as a felony.

The judgment of the Circuit Court must therefore be reversed and the indictment quashed.