Leon Holroyd v. State.

172 So. 700.

Opinion Filed February 17, 1937.

*Bart A. Riley* and *Arthur S. Friedman,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Buford, J.—The writ of error is to a judgment of conviction under an information charging violation of the pro-

visions of Section 5057 R. G. S., 7159 C. G. L., the first count of the information on which the conviction was had charging as follows: .

· "That Leon Holroyd of the County of Dade and State of Florida, on the 9th day of March in the year of our Lord one thousand nine hundred and thirty-six, in the County and State aforesaid, did then and there, without lawful authority, forcibly confine and imprison one. R. H. Brewton with intent to cause the said R. H. Brewton to be secretly confined and imprisoned in the County and State aforesaid against his will, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity . of the State of Florida."

It is the contention of the plaintiff in error that "with intent to cause the said R. H. Brewton to be secretly confined and imprisoned in the County and State aforesaid," as a material allegation of the information and that to prove the offense charged it was incumbent upon the State to prove that the accused at the time had the intent to cause the said Brewton to be *secretly* confined against his will and that the State did not meet this burden of proof, but entirely failed to show by direct testimony, or by any reasonable implication that could be drawn from the testimony, that the accused at any time had the intent to cause Brewton to be *secretly* confined. The contention is well founded. This section was under consideration in the case of Ross v. State, 15 Fla. 55. In that case it was said: .

"The plaintiff in error contends that under this Act the unlawful imprisonment must be charged to have been committed *with intent* to cause the person imprisoned to be secretly confined or imprisoned in this State against his will, or to be sent out of the State against his will, and that an offense under this Act is not well charged without alleging

this intent. The counsel for the State insists that the Statute of 1868 provides for punishing the offense of an unlawful imprisonment as a distinct offense; and that an imprisonment or confinement with intent, etc., is another distinct offense, and that the copulative word 'and' after the words 'against his will' where it first occurs, may be construed as referring to another offense defined in the words which follow it.

"The statute of Massachusetts (from which our law was copied) has the disjunctive 'or' instead of 'and' and yet the Courts of that State understood the whole of the preceding words as referring to the intent to kidnap. (Com. v. Blodgett, and another, 12 Metcalf 56). The Legislature of this State by the use of the word 'and' instead of 'or' has indicated beyond question that the same construction should be placed upon it; and by leaving the law of 1932 unrepealed (which punishes the crime of false imprisonment as a misdemeanor only) it is clear that it was not intended to punish every unlawful confinement or restraint of another as a felony."

The judgment of conviction in that case was reversed. The headnote prepared by the Court reads as follows:

"An indictment charging one with having, without lawful authority, forcibly imprisoned another against his will, does not state an offense under Section 43 of Chapter III of 'An Act to provide for the punishment of crime and proceedings in criminal cases,' approved August 6, 1868. Under that law the acts charged must have been committed 'with intent to cause him to be secretly confined or imprisoned in this State against his will, or to cause him to be sent out of this State,' etc. The Act of 1832, punishing false imprisonment by fine or imprisonment, stands unrepealed."

There is no reason why we should depart from the construction placed upon this statute in that early case. The record entirely fails to show that the accused at any time entertained any intent to secretly confine or imprison Brewton. The record shows that the accused, while in an intoxicated condition, went publicly to the place where Brewton was at work and, in the presence of several people, forced Brewton to get into an automobile; that he told Brewton he was going to take him, Brewton, to his, the accused's home, where he would consult his, the accused's wife, and would then and there kill Brewton; that he did take Brewton in the automobile to a trailer car which he was using as a home; that upon entering the place where his wife was, his wife asked him to give up the pistol with which he was armed; he turned the pistol over to his wife; she unloaded it; they discussed at some length what they would do with Brewton, but there never was any intimation or suggestion that they confine him *secretly*. Finally, after the accused had repeatedly assured Brewton that he would be killed either by the accused or by henchmen of the accused, he agreed to go with Brewton back to the brewery where he had accosted and captured Brewton, and there release him. About that time police officers appeared on the scene, having been notified by those who witnessed the abduction. They arrested the accused and when the case came for trial his version of the matter was that he was so highly intoxicated when the occurrence happened that he had no recollection of any of the facts regarding same. The proof failed to meet the allegations of the information and, therefore, the judgment should be reversed.

It is so ordered.

ELLIS, C. J., and TERRELL and DAVIS, J. J., concur.

WHITFIELD and BROWN, J. J., dissent.

DAVIS, J. (concurring).—The evidence makes out a *prima facie* case of assault with intent to commit murder on the person of the assaulted person by forcibly seizing him and taking him to a place suitable for the commission of such a felony (assuming the State's contentions to be true) but I see nothing in the evidence to sustain a violation of Section 5057 R. G. S., 7159 C. G. L. Therefore, I concur in reversal, but without prejudice to appropriate prosecution otherwise.

BROWN, J. (dissenting).—Section 7159 C. G. L. reads as follows:

"Whoever without lawful authority forcibly or secretly confines or imprisons another person within this State against his will, or confines or inveigles or kidnaps another person, with intent either to cause him to be secretly confined or imprisoned in this State against his will; and whoever sells, or in any manner transfers for any term, the service or labor of any other person who has been unlawfully seized, taken, inveigled or kidnaped from this State to any other State, place or county, shall be punished by imprisonment in the State prison not exceeding ten years."

This statute really defines and denounces three different offenses. The first is "Whoever without lawful authority forcibly or secretly confines or imprisons another person within this State against his will."

The second is "Whoever * * * confines or inveigles or kidnaps another person, with intent either to cause him to be secretly confined or imprisoned in this State against his will, or to cause him to be sent out of this State against his will."

The third offense, pertaining to the sale or transfer of the service or labor of any person who has been unlawfully

seized or kidnaped, etc., while a different offense from the other two, is not relevant here.

The first count of this indictment combined both of the two offenses first above referred to. in the same count. The second count charged the second offense embraced within this statute, but as the conviction was on the first count we are not concerned with the second.

However, the first count, on which plaintiff in error was convicted, not only charged forcible confinement of Brewton, but that this was done with the intent to cause him to be secretly confined and imprisoned against his will. The trial court, therefore, instructed the jury that the charge in the information with regard to the intent to secretly confine and imprison, having been alleged in both counts, the burden was upon the State to prove this element of the offense beyond a reasonable doubt. So this question of intent was clearly submitted to the jury, and the jury determined it adversely to plaintiff in error.

I realize that my view of this statute is in conflict with the express words of the decision in Ross v. State, 15 Fla. 55, which holds that an indictment under this statute should not only charge that a person has forcibly or secretly confined or imprisoned another person, but in order to charge an offense, should go further and charge that such forcible or secret confinement or imprisonment was done with the intent to cause him to be secretly confined or imprisoned against his will. It would seem, however, that the act of forcibly or secretly confining or imprisoning a person necessarily shows the intent and should certainly constitute an offense against the laws of this State. If one man confines or imprisons another, it would certainly be no defense to say that he did not intend to do what he actually did.

But the opinion in Ross v. State was evidently based upon

the fact that a statute of 1832, then unrepealed, punished the crime of "false imprisonment" as a misdemeanor, and therefore it was not the intention of the Legislature to punish every unlawful confinement or restraint of another as a felony. But this false imprisonment statute of 1832 is no longer in force and effect and the underlying reason for the conclusion reached in that case no longer exists.

This Section 7159 is the only statute that has been brought to my attention which makes it a crime to forcibly or secretly confine and imprison a person against his will. The words "forcibly or secretly" are used in the alternative.

In this case I think it is admitted that the evidence showed that the accused did forcibly confine or imprison Brewton against his will. Therefore an offense under this statute was committed whether the plaintiff in error intended thereafter to secretly confine Brewton or not.

It seems to me that this construction of the statute necessarily follows from the language of the statute itself.

WHITFIELD, J., concurs.