ALLEN, Judge.
Leroy Gordon was convicted in the Criminal Court of Record of Orange County for the crime of kidnapping and was sentenced to a term of from six months to ten years in the state prison.
Gordon was charged and plead “not guilty” to the following count:
“ * * * that Leroy Larry Gordon and Arthur Jesse Hooks * * * on the 18th day of November [1961] * * * did then and there, without lawful authority, forcibly confine and imprison one Juanita Moore, in this State, with intent to cause the said Juanita Moore to be confined and imprisoned * * * against her will, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida.”
The appellant was convicted, the motion for new trial was denied and he appeals from the judgment of conviction below.
There is no need to detail the evidence adduced against the appellant in the court below as it is admitted by the State that there was no proof of an intent to secretly confine and imprison the prosecuting witness. The State contends that it was not necessary to prove an intent to cause the party to be secretly confined or imprisoned unless such fact was alleged in the information, which was not done in the instant case.
The brief of the State argues forcibly that F.S. § 805.01, F.S.A., set forth in part as follows:
“Whoever without lawful authority forcibly or secretly confines or imprisons another person * * * with intent either to cause him to be secretly confined or imprisoned in this state against his will * * *.” (Emphasis added)
having been written in the disjunctive, provides for two separate crimes. Ordinarily in the interpretation of a statute where the word “or” is used or other disjunctive words, two crimes would be charged but this has not been the interpretation given this statute by the Supreme Court of our state, as shall be hereinafter set forth.
In one of the earliest cases interpreting this statute, that of Barber v. State of Florida, 13 Fla. 675, the Supreme Court, after citing the laws of 1868 (p. 68, § 43), statutory predecessor to F.S. § 805.01, F. S.A.1961, in construing the indictment, said:
“This indictment fails to charge in the language or spirit of the statute that the act done was ‘without lawful authority,’ and therefore no offense is alleged under this statute. There are other defects alleged in the indictment, but it is unnecessary to notice them in disposing of this case. The fact charged comes short of being a misdemeanor at common law. The motion in arrest of judgment should have been granted.”
In Ross v. State of Florida, 1875, 15 Fla. 55, the Supreme Court held that an indictment charging one with having, without lawful authority, forcibly imprisoned *898 another against his will, did not state an offense under Section 43 of Chapter III of “An Act to provide for the punishment of crime and proceedings in criminal cases,” approved August 6, 1868. Under that law the acts charged must have been committed “with intent to cause him to be secretly confined or imprisoned in this State against his will, or to cause him to be sent out of this State.”
The Supreme Court, in its opinion in the Ross case, said:
“The statute of Massachusetts, (from which our law was copied,) has the disjunctive ‘or’ instead of ‘and,’ and yet the courts of that State understood the whole of the preceding words as referring to the intent to kidnap. (Com. v. Blodgett and another, 12 Metcalf, 56.) The Legislature of this State, by the use of the word ‘and’ instead of ‘or,’ has indicated beyond question that the same construction should be placed upon it; and by leaving the law of 1832 unrepealed, (which punishes the crime of false imprisonment as a misdemeanor only,) it is clear that it was not intended to punish every unlawful confinement or restraint of another as a felony.”
In the case of Holroyd v. State, 1937, 127 Fla. 152, 172 So. 700, the information charged that the defendant forcibly confined and imprisoned one R. H. Brewton with the intent to cause the said R. H. Brewton to be secretly confined and imprisoned, etc. Therefore the intent to be secretly confined and imprisoned was a material allegation of the information which the State failed to prove. The Court, in its opinion, said:
“ * * * The contention is well founded. This section was under consideration in the case of Ross v. State, 15 Fla. 55. In that case it was said:
“ ‘The plaintiff in error contends that under this act the unlawful imprisonment must be charged to have been committed with intent to cause the person imprisoned to be secretly confined or imprisoned in this State against his will, or to be sent out of the State against his will, and that an offense under this act is not well charged without alleging this intent. The counsel for the State insists that the statute of 1868 provides for punishing the offense of an unlawful imprisonment as a distinct offense; and that an imprisonment or confinement with intent, etc., is another distinct offense, and that the copulative word “and,” after the words “against his will,” where it first occurs, may be construed as referring to another offense defined in the words which follow it.
“ ‘The statute of Massachusetts (from which our law was copied), has the disjunctive “or” instead of “and,” and yet the courts of that State understood the whole of the preceding words as referring to the intent to kidnap. (Com. v. Blodgett and another, 12 Metc. [Mass.] 56.)
“ * * * * ⅜
“There is no reason why we should depart from the construction placed upon this statute in that early case. The record entirely fails to show that the accused at any time entertained any intent to secretly confine or imprison Brewton. * * * ”
Mr. Justice Brown dissented and in his dissenting opinion stated that his view of this statute was in conflict with the expressed words of the decision in Ross v. State, 15 Fla. 55. Justice Brown, in his dissenting opinion, said:
“This section 7159 is the only statute that has been brought to my attention which makes it a crime to forcibly or secretly confine and imprison a person against his will. The words ‘forcibly or secretly’ are used in the alternative.
*899 “In this case I think it is admitted that the evidence showed that the accused did forcibly confine or imprison Brewton against his will. Therefore an offense under this statute was committed whether the plaintiff in error intended thereafter to secretly confine Brewton or not.”
The Supreme Court of Florida again construed the kidnapping statute in State v. Register, Fla.1942, 9 So.2d 804. The opinion of the Court was very short and read as follows:
“This is an appeal by the state from an order quashing an indictment. The only question is whether it is essential for the state to allege an intent to secretly imprison in order to charge an offense under Section 7159, C.G.L. 1927. Many years ago this Court answered this in the affirmative. Ross v. State of Florida, 15 Fla. 55, 56. It was recently reaffirmed in Holroyd v. State, 127 Fla. 152, 172 So. 700. During that long period of time the legislative body has not seen fit to alter the statute and we see no good reason to depart from our precedents, accordingly the judgment is affirmed.”
We secured the original record from the Supreme Court in the Register case. The indictment in each count failed to allege an attempt to secretly imprison the victim as did the count of the information under which the defendant was charged in this case. It is interesting to note that the attorney general stated the question in his brief in the Register case as follows :
“Does an indictment, which charges that the defendants — did unlawfully and forcibly confine and imprison in Hamilton County, Florida, without authority of law one * * * with intent to cause said * * * to be imprisoned in said county and state against her will — sufficiently charge an offense under the laws of the State of Florida?”
Under the rule announced in the cases previously decided by our Supreme Court, the defendant in the instant case should have been discharged on his motion for a directed verdict since there was no evidence to prove an intent to secretly confine the prosecuting witness. We further hold that the information in the instant case did not charge the crime of kidnapping since it did not allege an intent to secretly confine the prosecuting witness.
The case is reversed for further proceedings not inconsistent with this opinion.
SHANNON, C. J., and SMITH, D. R., Associate Judge, concur.