POMPEY MURPHY, HENRY ESPEY AND HENRY JACKSON, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A verdict, on an indictment for murder, which merely finds "the defendants guilty as charged in the indictment," and recommends them to the mercy of the court, is fatally insufficient, under Section 2383, Revised Statutes.

2. Section 2383, Revised Statutes, requiring that a verdict of conviction under an indictment for murder, shall state the degree of unlawful homicide of which the accused is found guilty, applies to a trial had after the Revised Statutes took effect, though the offense charged may have been committed before

these statutes became operative. Section 32 of Article III of the Constitution, does not prohibit such regulation of procedure.

3. Proof of an *alibi* is sufficient to acquit if it, considered in connection with all the testimony, raises a reasonable doubt of the presence of the accused at the commission of the crime. It is not necessary that it should *satisfy* the jury that the crime could not have been committed by the person offering proof of an *alibi*.

Writ of error to the Circuit Court for Gadsden county.

The facts in the case are stated in the opinion of the court.

*Benj. S. Liddon* and *Edward Owens*, for Plaintiffs in Error.

*The Attorney-General*, for Defendant in Error.

RANEY, C. J.:

The plaintiffs in error and two other persons were indicted at the Spring term, 1892, of Gadsden Circuit Court for murder in the first degree, in killing one Daniel Williams on the tenth day of December, 1890. The five defendants were tried by a jury at the Fall term, 1892, of the court, the verdict as to two of them being an acquittal, and that as to the plaintiffs in error being as follows: "We the jury find Pompey Murphy, Henry Jackson and Henry Espey guilty as alleged in the indictment, and recommend them to the mercy of the court; so say we all. J. K. Shaw, foreman;" and thereupon

the judge sentenced each of the three to imprisonment at hard labor in the State Penitentiary for the term of his natural life, and to pay the costs of the prosecution.

. The first assignment of error uged before us is that the verdict is insufficient to authorize any sentence, in that it does not ascertain the degree of unlawful homicide of which the jury found the defendants guilty. That the verdict is fatally defective in this respect under Section 2383 of the Revised Statutes, considered in connection with Section 2353, and in the light of the fact that the trial was subsequent to this revision becoming operative, is fully shown by the opinion in the case of Buck Hall vs. State, filed at this term of this court. There is nothing in the thirty-second section of the third, or legislative, article of the Constitution that prevents such regulation of procedure as to antecedent crimes. For this reason the judgment must be reversed.

II. The judge, in charging the jury, instructed them as to the subject of an *alibi* as follows: " In this case the defendants, each of them, offer proof of an *alibi*, that is that they were elsewhere at the time the crime with which they are charged, was committed, and therefore they could not have taken part in the killing. Where an *alibi* is set up the burden of proof is on the defendant, but he is not bound to prove it beyond a reasonable doubt, and if upon consideration of all the evidence in the case, you should have a reasonable

doubt that the defendants, or either of them, was present when the the crime was committed, they, or such of them as to whom the doubt applies, should be acquitted. The proof of an a*libi* must include and cover the entire time when the presence of the accused was required to commit the offense charged. The evidence to support it should be carefully considered, and must be such as to satisfy the jury that the crime could not have been committed by the person offering proof of an *alibi.*" Exception was taken in the motion for a new trial to the last two sentences of this instruction. In our judgment the last sentence in the charge is erroneous, and calculated to qualify the correct rule announced above in that the proof of an *alibi* is sufficient if it, considered in connection with all the testimony, raises a reasonable doubt as to the presence of the accused at the commission of the crime. Adams vs. State, 28 Fla., 511. Eliminating the last sentence and inserting immediately after the word "beyond" the word "raising," the instruction would seem to be entirely proper. The latter clause of the last sentence of the fourth head note, and part of the language of the opinion, in Bacon *et al.* vs. State, 22 Fla., 51, on the subject of an *alibi*, are inaccurate and misleading. Adams vs. State, *supra*.

The other assignments of error have been abandoned.

The judgment is reversed and a new trial granted.