JOHN NELSON, JR., PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—VERDICT THAT FAILS TO SPECIFY DEGREE OF HOMICIDE A NULLITY—CHARACTER, HOW PROVED.

1. Under Section 2383, Revised Statutes, a verdict that fails to specify the degree of homicide of which it finds the defendant guilty is a nullity, and no sentence can be legally pronounced thereon.

2. Where a witness, by whom it is designed to impeach the character of another for veracity, testifies that he knows the general reputation of the party to be impeached in the neighborhood in which such party lives for truth and veracity, the foundation for proving what that reputation is has been sufficiently laid, and the witness thus laying such foundation should be permitted to go on and testify as to what the reputation is, and whether he would believe such party under oath, without being interrupted by a cross-examination to test the extent and sources of his information as to such character. The proper practice in testing, by cross-examination, the extent and sources of the knowledge or information of such impeaching witness, is to defer it until the witness has been turned over in regular order for cross-examination in general at the close of the examination-in-chief.

3. When character for peacefulness or turbulence is put in issue the general rule is, that it must be established by evidence of the *general reputation* of the party in the community for such character, and not by evidence of specific acts or conduct on particular occasions; and the proof in rebuttal in such cases should be confined also to *general reputation,* and not be allowed to go into specific acts or conduct on particular occasions.

Writ of error to the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*Miller & Spencer* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

TAYLOR, J.:

The plaintiff in error was indicted and tried at the Fall term, 1892, of the Circuit Court for Marion county, for murder in the first degree of one Charles Davis, the trial resulting in the following general verdict, *viz:* "We the jury, find the defendant guilty." Upon the refusal of the court below to grant his motion for a new trial, the defendant was sentenced to die, and brings his case here by writ of error.

The insufficiency of the verdict in not specifying the *degree* of murder of which it finds the defendant guilty, is assigned as error. This court at it last term, in the cases of Hall vs. State, 31 Fla., 176; Lovett vs. State, *Ibid*, 164; Murphy vs. State, *Ibid*, 166; (12 South. Rep., 449, 452 and 453), held that under the provisions of Section 2383, Rev. Stat., such a verdict is a nullity, and that no judgment or sentence could legally be pro-

nounced thereon. This error is fatal to the judgment and sentence appealed from, and necessitates its reversal.

At the trial the defendant introduced several witnesses for the purpose of impeaching the character for truth and veracity of one of the witnesses for the State, by proof that such witness' reputation for truth and veracity in the community in which he lived was bad, and that no credence could be given to his evidence under oath. After the defendant's witnesses, introduced for this purpose, had testified that they knew the State's witness, and knew his general reputation in the neighborhood in which he lived for truth and veracity, the court, over the defendant's objection, permitted the State attorney to break into the examination in chief by a cross-examination as to the sources and extent of the knowledge of the parties as to the reputation and character of the witness to be impeached; which ruling of the court was excepted to, and is assigned as error. The case of [Robinson vs. State, 16 Fla., 835, settles the practice in such cases. When the impeaching witnesses had answered that they knew the party to be impeached, and knew his general reputation for truth and veracity in the community where he lived, the foundation for proving what that reputation was had been sufficiently laid, and the court should not, at this juncture, have permitted the State attorney to interfere with the examination in chief by a cross-examination as to the sources and extent of their knowledge and information as to such reputation, but should have permitted the defendant to proceed with his examination in chief; and should have allowed the witnesses to state what that reputation was, and whether from that reputation they would believe the party under oath. When turned over for

general cross-examination in regular order at the close of the examination in chief the State attorney could then, by cross-examination, test the extent of the information of the witnesses, and the source of their knowledge. This departure, however, from the proper practice in such cases we do not now decide to be reversible error as the court below necessarily has a wide discretion in all matters touching the order in which evidence shall be admitted.

On the cross-examination of one of the defendant's witnesses, by whom the general reputation and character of the defendant as a peaceful and law-abiding citizen had been put in proof, the State attorney was permitted by the court, over the defendant's objection, to put the following question to the witness: "Did you not hear or know about one week or ten days before the shooting of which the defendant is now charged, that he was charged in your neighborhood with shooting into a house with a lot of women in it, and that the pistol was taken away from him?" Exception was taken, and this ruling is assigned as error. The court erred in permitting this question. When character for peacefulness or turbulence is put in issue in such cases, the general rule is that the proof thereof must be made by evidence of the *general reputation* of the party in the community for such character, and not by evidence of specific acts or conduct on particular occasions. Garner vs. State, 28 Fla., 113, 9 South. Rep., 835. And when such character is put in issue, the proof interposed in rebuttal must be confined also to *general reputation*, and not allowed to go into specific acts or conduct on particular occasions.

For the error in the verdict rendered, the judgment and sentence of the court below are reversed and a new trial ordered.