## CHARLES SHARP V. STATE OF NEBRASKA.

FILED JANUARY 23, 1901.    No. 11,259.

61   187
61   606
61   187
62   373

1. **Verification of Information:** CLERK OF DISTRICT COURT. A clerk of the district court may properly take verifications of information in criminal cases.

2. ———: INFORMATION AND BELIEF. It is sufficient if an information is verified by the county attorney, on information and belief.

3. **Filing Information:** LEAVE OF COURT. It is unnecessary to obtain leave of court before filing an information in a criminal case.

4. **Charge of Larceny:** DESCRIPTION. An information charging larceny sufficiently described the stolen property as "fifty-five coats, each coat of the value of five dollars, fifty-five vests, each vest of the value of three dollars, sixty pairs of trousers, each of the value of five dollars; four overcoats, each of the value of ten dollars."

5. **Charge of Burglary:** RESULTANT LARCENY: MISTRIAL: BAR. The crime of burglary, and the larceny resulting therefrom, are not so connected in law as to preclude a conviction for larceny, merely because the accused may have been prosecuted for the burglary resulting in a mistrial.

6. **Mistrial:** BAR: QUÆRE. Whether a mistrial resulting from the discharge of a jury because of the illness of one of its members constituted former jeopardy not decided.

7. **Proof:** VARIANCE: SPECIAL OWNERSHIP: GENERAL OWNERSHIP. Proof of special ownership in property, the subject of larceny, will sustain a conviction of larceny under an information charging general ownership.

8. **Evidence:** DE FACTO CORPORATION. Evidence examined, and *held* to establish the existence of a *de facto* corporation.

9. **Objections:** ERROR. Other objections examined, and *held* not to constitute error.

ERROR from the district court for Lancaster county. Tried below before FROST, J.  *Affirmed.*

*C. L. Hoover* and *John O. Yeiser,* for plaintiff in error.

*Constantine J. Smyth, Attorney General, Willis D. Oldham, Deputy,* and *Thomas C. Munger, contra.*

NORVAL, C. J.

Charles Sharp was convicted in the district court of Lancaster county of the crime of larceny. Prior to his arrest he had been apprehended in Sarpy county on an information charging burglary by breaking into a certain railway car with intent to steal personal property therein contained. For this latter offense he had been tried twice before his prosecution for the larceny. The first trial resulted in a mistrial; on the second the jury was discharged on account of the sickness of a member. Afterwards occurred his arrest in Lancaster county, he being charged with larceny of the goods contained in said car, such goods having by him been removed into Lancaster county. After his arrest for larceny a *nolle prosequi* was entered as to the charge of burglary by the county attorney of Sarpy county. The defendant was convicted of the crime of larceny in Lancaster county, and comes to this court from such judgment, on error. The numerous specifications of error will be considered in the order presented in his brief.

The information on which the conviction was had was sworn to before the clerk of the district court. Counsel for the accused urged that this officer has no authority so to do, and that the court below erred in overruling a motion to quash the information made on that ground. This court decided to the contrary in *State v. Lauver*, 26 Nebr., 757. The clerk of the district court is a judicial officer, within the meaning of the sections of the Criminal Code under consideration. Section 36, chapter 19, Compiled Statutes, provides that all courts have power to administer oaths, either by any judge, justice or clerk thereof. The act of the clerk in administering the oath is, therefore, only that of a judicial officer. The cases cited by counsel as upholding the rule that a clerk of the district court is not a judicial officer are those decided by this court wherein informations have been sworn to before notaries public—officers unknown to the common law—and such cases are not in point.

The verification of the information, which was by the county attorney, was upon information and belief only. This is urged as error, a motion to quash for that reason having been overruled. We do not think there was any error in the ruling. The conclusion reached in *Richards v. State*, 22 Nebr., 145, is to the contrary. It is contended that this part of the decision is a *dictum*. We can not agree with counsel, and are satisfied with the rule. It would be unreasonable to require prosecuting officers to verify such pleadings positively, as it is not to be presumed that they have personal knowledge of the facts therein alleged. Except in extremely rare instances, a prosecuting officer acts solely upon evidence of third parties—at most he can have only an opinion, or belief, of the truth of the allegations. Such opinion or belief may have for its base the evidence of witnesses, yet it is an opinion or belief only. It was certainly not the intention of the legislature that he should verify informations only in cases where he had personal knowledge of the facts alleged. His statement in an affidavit that the facts alleged are true, when such statement is based solely upon evidence derived from other sources than his personal knowledge, is as much an opinion, a belief, as would be his statement that he "believed" the allegations to be true. In either form it would be an opinion only, in ninety-nine cases out of a hundred, unless we infer that the legislature intended to restrict the power of the prosecuting officer to cases only where he had personal knowledge of the facts. The verification is sufficient in that form, if made by the prosecuting officer. *Washburn v. People*, 10 Mich., 372; 1 Bishop, New Criminal Procedure, sec. 713, and cases cited.

Error is predicated upon the fact that the information was filed by the prosecuting attorney without his having first obtained leave of court so to do. No cases are cited upholding so seemingly absurd a rule. Neither is any reason advanced, except by way of a sort of analogy between this and the presentation of an indictment by a

grand jury. We fail to find any real analogy existing between the two means of charging crimes, which would lead us to believe that a rule of the kind contended for is necessary to protect individuals in the exercise of their personal rights. No such practice, to our knowledge, is or has ever been in operation in the state, and we see no reason why it should be.

It is urged that the description of the property alleged to have been the subject of the larceny is not sufficient, and that the court erred in refusing to quash the information for that reason. The property was described in the information as "fifty-five coats, each coat of the value of five dollars; fifty-five vests, each vest of the value of three dollars; sixty pairs of trousers, each of the value of five dollars; four over coats, each of the value of ten dollars." The description of the property, as above quoted, is sufficient, as will appear from the case of *Barnes v. State*, 40 Nebr., 545, and the authorities therein cited.

A plea in abatement was entered, setting up his arrest and trial upon the charge of burglary, as a bar to this action, which plea the court overruled, and error is predicated on such ruling. It is conceded that, under the rule of this court announced in *Hurlburt v. State*, 52 Nebr., 428, the district court for Lancaster county had jurisdiction to try him for larceny, the goods stolen in Sarpy county having been by him removed to Lancaster county, were it not that the district court for Sarpy county had already taken jurisdiction of the charge of burglary, which act it is claimed deprived the district court for Lancaster county of jurisdiction. In other words, it is claimed that the two acts of burglary and larceny are so connected in law as to constitute one transaction, and that the court first exercising jurisdiction over the one charge will deprive any other court of jurisdiction over the other, because of the statement of the rule in the *Hurlburt Case, supra,* that when property is stolen in one county, and it is afterwards found in possession of the

thief in another county, he may be prosecuted and convicted in either county, but not in both. With the contention of counsel we can not agree, either regarding the weight of authority, or from the standpoint of logic. The overwhelming weight of authority is to the contrary. *State v. Ingalls*, 68 N. W. Rep. [Ia.], 445; *Josslyn v. Commonwealth*, 6 Met. [Mass.], 236; *State v. Warner*, 14 Ind., 572; *Wilson v. State*, 24 Conn., 56; *Howard v. State*, 8 Tex. App., 447; *People v. Parrow*, 80 Mich., 567; *State v. Kelsoe*, 76 Mo., 505.

Sound reason also upholds the proposition that the burglary and the larceny are not so connected as to make them one transaction. The mere fact that they are committed at nearly the same time does not necessarily so connect them. A burglary may exist without any larceny having been committed. So may a larceny have existed without a burglary having been committed. It is never necessary to prove a burglary in order to establish the guilt of one accused of the crime of larceny. Nor is there any necessity to ever prove a larceny, for any other purpose than to show intent, in cases of burglary. There is a manifest fallacy in arguing that mere propinquity of time constitutes a necessary connection between the two acts, so much so as to make them one transaction, in law. On the contrary, they are distinct and separate crimes, neither of which is necessary to the other, so far as their essential criminal features are concerned. The fact that the district court of Sarpy county had taken jurisdiction of the burglary therefore in no manner deprived the district court of Lancaster county of jurisdiction over the crime of larceny.

The defendant alleged as a bar to this action his trial in Sarpy county on the charge of burglary. Our view of the matter of the connection of the two crimes, as already set forth in the last preceding paragraph, renders it unnecessary to comment further on this point. It is not well taken, whether there was or was not a former jeopardy.

In the information the goods stolen were alleged generally to have been the property of the railway company, and the evidence established a special ownership only—that of a common carrier. While it is admitted that a special ownership is sufficient to sustain a conviction of larceny, it is urged that such special ownership must be alleged, otherwise the variance is fatal. No valid reason lies at the bottom of this contention. Counsel seem to rest their argument upon decisions of this court in replevin cases, where it is held that if a special property is relied upon it must be so stated in the affidavit. But this is specifically required by statute in such cases. Code Civil Procedure, sec. 182. We are aware of no such restrictions in cases like the one at bar, or of decisions holding such allegations to be necessary, in the absence of a specific statutory requirement.

The railway company alleged to be the owner of the property stolen was averred to be a corporation, and it is contended that such corporate existence was not proven. An examination of the record convinces us that sufficient evidence was adduced to establish a *de facto* corporation, within the rule announced in *Braithwaite v. State*, 28 Nebr., 832.

A witness for the state was asked, on cross-examination, if he had been convicted of a felony, to which he returned an affirmative answer. The defense then asked him of what particular charge of felony he had been convicted. To this objection was made by the state, and was sustained. This ruling is urged as error. As counsel for defendant adduce no reason or authority to sustain the contention, and as we can imagine no reason, or believe that the ruling could have been prejudicial, we must conclude that the objection is frivolous. Numerous objections to admission of evidence are made, all of which, on examination we pronounce without merit.

Certain misconduct on the part of the prosecuting officer during the trial is alleged. Without going into par-

ticulars, it is sufficient to state the matters set out have been decided to the contrary in numerous well considered cases by this court, and there exists no reason to depart from them.

Other objections are raised, all of which have been carefully considered, but none of them are of sufficient importance to merit the attention of the court, further than the observation that they are not well taken.

The defendant had a fair trial, his conviction was an act of justice; there are no errors in the record, and the judgment of the lower court is

AFFIRMED.