MEREDITH JORDAN, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The opinion of a witness as to the identity of a person seen by him is admissible where the witness has a previous personal acquaintance with or knowledge of such person, and bases his opinion upon such acquaintance or knowledge.

2. In a prosecution on a charge of assault with intent to commit murder under Section 2403 of the Revised Statutes of 1892, where there is evidence that as Williams was passing along a road on a moonlight night, the defendant "was squatting down in some bushes on the outside of the road" and while in this position shot Williams in the arm as he threw it up to protect himself from the sudden assault, a charge that "if the defendant unlawfully attempted to shoot Williams with a gun, loaded as charged, with intent to kill him, but without a premeditated design to do so, but such attempted shooting was imminently dangerous to Williams and evinced upon the part of the defendant, a depraved mind, regardless of human life, he would be guilty of an assault with intent to commit murder in the second degree," is not subject to the criticism that it is "misleading, irrelevant and not based on the charge laid in the indictment" as the charge taken in connection with the evidence in the case included the idea of an assault,

and an assault with intent to commit murder in the second degree is included in the indictment under Section 2403 of the Revised Statutes of 1892, although the punishment prescribed therefor is the same as for an assault with intent to commit murder in the first degree.

3.  Where charges are expressly confined to offenses of a less degree than the one found by the verdict, and there is nothing in the charges that could have influenced the jury to misinterpret them or to misapply the evidence as to higher offenses included in the indictment, and there is evidence to sustain the verdict found for a higher offense, and there is no evidence to warrant a verdict of guilty of an offense of a lower degree, it is not material to consider whether the charges were legally accurate as applied to the offenses of a lower degree than the one found by the verdict.

4.  A portion of a charge that as a defense an alibi "is as proper and legitimate if proven, as any other, and all evidence bearing upon that point is for the consideration of the jury," is not erroneous where the charge also contains an instruction that "if in view of all the evidence you have a reasonable doubt as to whether the defendant was in some other place when the crime was committed, you should give the defendant the benefit of the doubt and find him not guilty" as well as other correct instructions on the subject of the proof of an alibi.

5.  It is not error to abstractly charge the jury that in determining the weight of the testimony of a witness the jury will take into consideration the intelligence of the witness, the circumstances surrounding him, his interest, likes, prejudices, manner on the stand, apparent fairness, means of observation, etc., where the charge contains the statement that "you are the sole judges of the weight of the evidence before you, and the credit to be given the witnesses who have testified in the case."

6.  It is not error to refuse to give requested instructions that have already been given substantially, though in different language.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the Court.

*Daniel Campbell & Son,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, J. The plaintiff in error was indicted in the Circuit Court for Walton county for an assault with intent to commit murder on one Will Williams. He was convicted of an "assault with intent to murder in the second degree," and from a judgment sentencing him to the State Prison for four years brings this writ of error.

At the trial M. M. Reeves a witness for the State testified: "I know Meredith Jordan. * * * I remember the circumstances of the shooting of Will Williams. It was a bright moonlight night. I heard the report of a gun. I saw a man come by my house two or three minutes after the shooting. He was probably thirty steps from me. This man I saw was going northward, coming from the direction of the report of the gun. * * * The man I saw was running in the direction of Jordan's house. He had on a cap and a blue jumper. * * * I could not swear exactly who it was. The first sight I glimpsed of him I thought it was Eugene Crosby, as soon as I saw him, I saw it was not Eugene Crosby. * * * I had seen Meredith Jordan in the morning part of the day. He then had on a blue jumper and cap. The man I saw was about the size of Meredith Jordan and dressed

like he was. He had on a fuzzy cap. About the same kind of cap that Jordan had in the morning." Thereupon the State Attorney propounded the following question: "Who, according to your best judgment, was the party you saw, from his clothing, size, manner, etc.?" The defendant objected to the question "because the party had already sworn that he could not swear who it was and that the question called for the opinion of the witness." The objection was overruled and an exception was taken. The error assigned on the ruling of the court permitting the question is not well taken. The court held in the case of Roberson v. State, 40 Fla. 509, text 522, 24 South. Rep. 474, that "the opinion of a witness as to the identity of a person seen by him is admissible in all cases where the witness has a previous personal acquaintance with or knowledge of such person, and bases his opinion upon such acquaintance or knowledge." The witness had testified to previous personal acquaintance with and knowledge of Meredith Jordan the defendant, and his opinion on the question of identity was admissible as against the defendant's objection. The witness then answered: "I took it to be Meredith Jordan. I couldn't swear exactly who it was. The moon being on the south side. I could not see his face distinctly. According to my best judgment the man I saw running was Meredith Jordan. The party ran behind a clump of bushes right between where I was standing and the house Meredith Jordan was living in." This answer only confirmed previous testimony of the witness which was not objected to. See Alford v. State, 46 Fla. 601, 36 South. Rep. 436.

The following charge given by the court was excepted to in the motion for new trial and is assigned as error: "If the defendant unlawfully attempted to shoot Williams

7 S. C.

with a gun, loaded as charged, with intent to kill him, but without a premeditated design to do so, but such attempted shooting was imminently dangerous to Williams and evinced upon the part of the defendant, a depraved mind, regardless of human life, he would be guilty of an assault with intent to commit murder in the second degree." The indictment in this case charges an assault with intent to commit murder under section 2403 of the Revised Statutes of 1892, which in part provides as follows: "Whoever commits an assault upon another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years." Section 2380 of the Revised Statutes of 1892, provides: "The unlawful killing of a human being, *   *   * when perpetrated by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, it shall be murder in the second degree, and shall be punished by imprisonment in the State prison for life."

The prosecuting witness testified that as he was passing along a road the defendant "was squatting down in some bushes on the outside of the road; the moon was shining bright. I saw that he was going to shoot and I threw up my arm. He shot the gun at me and hit me in the arm."

It is contended that the charge above quoted is "misleading, irrelevant and not based upon the charge laid in the indictment, nor any of the minor offences of which the defendant might have been found guilty thereunder." The charge that "if the defendant unlawfully attempted to shoot Williams with a gun, loaded as charged, with intent to kill him," taken in connection with the testimony, included the idea of an assault. The language of the charge

with reference to an assault with intent to commit murder *in the second degree* was not necessary, since an assault with intent to commit murder in either the first or the second degree subjects the offender to the same punishment. Davis v. State, 35 Fla. 614, 17 South. Rep. 565. As there was testimony from which the jury could find that the "shooting was imminently dangerous to Williams and evinced on the part of the defendant a depraved mind regardless of human life," it can not be said that the charge was misleading or irrelevant. The indictment charged an assault with intent to commit murder which includes murder in the first and second degrees, and as there was evidence to sustain the charge no harm could have resulted to the defendant by the reference in the charge to murder in the second degree since the punishment is the same for the offense of an assault to commit murder in either the first or the second degree.

The third assignment of error relates to a charge as to assault with intent to commit manslaughter and the fourth and fifth assignments of error relate to charges as to aggravated assault. There is nothing in the charges which could have influenced the jury to misinterpret them, or to misapply the evidence as to higher offenses included in the indictment, and the jury having found the defendant guilty of an assault with intent to commit murder in the second degree, which verdict is sustained by the evidence, and there being no evidence to warrant a verdict of guilty of an offense of a lower degree, it is not material to consider whether the charges were legally accurate as applied to the offenses therein. Marlow v. State, 49 Fla. 7, 38 South. Rep. 653.

The court charged the jury as follows: "One of the defenses interposed in this case is what is known as an alibi, that is, that the defendant was at another place at

the time of the commission of the crime. Such a defense is as proper and legitimate if proven, as any other, and all evidence bearing upon that point is for the consideration of the jury. If in view of all the evidence you have a reasonable doubt as to whether the defendant was in some other place when the crime was committed, you should give the defendant the benefit of the doubt and find him not guilty. As regards the defense of an alibi, the defendant is not required to prove the defense beyond a reasonable doubt to entitle him to an acquittal, nor is it required that such evidence should be absolutely clear, but it is sufficient if it raises a reasonable doubt in the minds of the jury, from all the circumstances of the case, whether or not the accused was present at the time and place of the commission of the crime charged." The first two sentences of the charge were excepted to in the motion for new trial and constitute the sixth assignment of error. It is insisted that the expression "if proven" contained in the charge "as used could have misled the jury, in that it might have been construed by them as conveying a doubt by the court, as to  the sufficiency  of the evidence  to amount to proof." The charge taken as a whole is not subject to the criticism thus advanced. It correctly stated the law under the decisions of this court and was entirely fair to the defendant. See Murphy v. State, 31 Fla. 166, 12 South. Rep. 453; Garcia v. State, 34 Fla. 311, 16 South. Rep. 223; Adams v. State, 34 Fla. 185, 15 South. Rep. 805.

The court also gave the following charge: "You are the sole judges of the weight of the evidence before you, and the credit to be given the witnesses who have testified in the case. If there is any conflict in the testimony you must reconcile it if you can. If not, you may believe or disbelieve any witness or witnesses as you may or may not think they entitled to credit. In determining the

weight to be given to the testimony of a witness, the jury will take into consideration the intelligence of the witness, the circumstances surrounding the witness at the time concerning which he testifies, his interest if any, his bias or prejudice, if any, his manner on the witness stand, his apparent fairness or want of fairness, the reasonableness of his testimony, his means of observation and knowledge, and the character of his testimony, whether affirmative or negative, and all matters and facts and circumstances on the trial bearing upon the question of the weight to be given to his testimony, and give to the testimony of each witness such weight as to you it may seem fairly entitled to. In weighing and considering the evidence you have, and should use the same common sense, judgment and reason and general knowledge of men and affairs as you have and use in every day life." In the motion for new trial a portion of this charge was excepted to and it is assigned as error as follows: . "In determining the weight to be given to the testimony of a witness the jury will take into consideration the intelligence of the witness, the circumstances surrounding the witness at the time concerning which he testifies, his interest, if any, his likes and prejudices, if any, his manner on the witness stand, his apparent fairness or want of fairness, the reasonableness of his testimony, his means of observation and knowledge, the character of his testimony, whether negative or affirmative, and all matters and facts and circumstances shown at the trial bearing upon the question of the weight to be given to his testimony." The portion of the charge excepted to and assigned as error has been used in other States. See Chicago, Burlington and Quincy Railroad Co. v. Pollock, 195 Ill. 156, text 162, 62 N. E. Rep. 831; State v. Darrah, 152 Mo. 522, text 530, 54 S. W. Rep. 226;

Deal v. State, 140 Ind. 354, text 364, 39 N. E. Rep. 930. See, also, John D. C. v. State *ex rel.* Julia V. H., 16 Fla. 554. The portion of the charge excepted to was perhaps unnecessarily given, but take in connection with the other portions of the charge contained in the same paragraph it cannot be said to be erroneous as a matter of law or that it could have injured the defendant under the facts of this case. It has no reference to any particular witness or testimony, is entirely abstract and is controlled by the preceding and succeeding sentences of the charge.

The refusal of the court to give three special charges at the request of the defendant was not error since even if the requested charges are conceded to be correct propositions of law as applicable to the facts of this case they were substantially covered by charges already given by the court.

The verdict is sustained by the evidence.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., Concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.