LUCY ANDREWS, *Plaintiff in Error* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 29, 1914.

Under Section 3208 of the General Statutes it is imperatively necessary that the jury, when they find the defendant guilty

Andrews v. State—Opinion of Court.

under an indictment for murder, shall ascertain and declare by their verdict the degree of unlawful homicide of which they find him guilty. In such a case a verdict that simply says: "We, the jury, find the defendant guilty," or, "guilty, as charged in the indictment," is a nullity, and no judgment or sentence can legally be pronounced thereon.

Writ of error to Circuit Court for DeSoto County; F. A. Whitney, Judge.

Judgment reversed.

*H. J. Spence,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Lucy Andrews was indicted on November 24, 1913, charged with having committed murder in the first degree on July 1, 1910. At the trial the jury returned the following verdict: "We the jury find the defendant guilty as charged in the indictment. So say we all, and a majority recommend her to the mercy of the court." The court sentenced the accused to life imprisonment, and she took writ of error.

Section 3208 of the General Statutes provides: "When the jury find the defendant guilty under an indictment for murder, they shall ascertain by their verdict the degree of unlawful homicide of which he is guilty, but if the defendant on arraignment confesses his guilt, the court shall proceed to determine the degree upon an examination of the testimony and pass sentence accordingly."

Under Section 3208 of the General Statutes it is imperatively necessary that the jury, when they find the defendant guilty under an indictment for murder shall as-

certain and declare by their verdict the degree of unlaw-
ful homicide of which they find him guilty.   In such a
case a verdict that simply says:   "We, the jury, find the
defendant guilty," or "guilty as charged in the indict-
ment," is a nullity, and no judgment or sentence can le-
gally be pronounced thereon.   Hall v. State, 31 Fla. 176,
12 South. Rep. 449.   In disposing of the Hall case this
court said:

"Under our statute the crime of murder is divided into
three degrees, the lines of demarkation between them be-
ing dependent upon the manner and intent with which they
are committed, and this, of course, must be deduced from
the facts and circumstances of each particular case.   Un-
der our statute also we have the crime of manslaughter
that may be perpetrated, as defined by our statute, in di-
vers ways, dependent wholly upon the facts and circum-
stances of each particular case.   It is also well settled
here that under an indictment charging murder in the
first degree in terms only the accused may be convicted
of either of the lesser degrees of the same crime, or of
manslaughter.   Pottsdamer v. State, 17 Fla. 895.   When,
therefore, a party indicted in terms for murder in the
first degree only, may, under such indictment, be con-
victed of three other distinct but lesser crimes; and when
the crime charged and the three lesser ones included there-
in, are dependent, for their distinctiveness, upon the facts
and circumstances adduced in proof in each particular
case, it seems to be clear that the intention of this legisla-
tion was to require the jury in their verdict to specifically
ascertan, find and declare what degree of crime has been
made out by the proofs before them as a matter of fact.
And, in case of a confession of guilt in open court, the
judge must also ascertain and declare from the facts and
circumstances what degree of the crime charged has been

committeed, and he can only do this by an examination of witnesses. As is so forcibly reasoned in the authorities quoted, a verdict of "guilty," or "guilty as charged," certainly cannot have any more potency as an indicator of the specific degree of the crime that has been committed, and for which the appropriate penalty must be inflicted, than the prisoner's own confession when he comes into court and says: "I am guilty of the crime as charged in the indictment." And yet the same statute, in the latter case, makes it imperative upon the judge to examine witnesses and from the proofs to ascertain the degree of the crime and to inflict the penalty therefor as he finds it to be from these proofs, and not from the defendant's confession. The verdict herein rendered, upon the terms of this statute, was a nullity, and no judgment or sentence could legally be pronounced thereon." Hall v. State, 31 Fla. 176, 12 South. Rep. 449; Lovett v. State, 31 Fla. 164, 12 South. Rep. 452; Murphy v. State, 31 Fla. 166, 12 South. Rep. 453; Nelson v. State, 32 Fla. 244, 13 South. Rep. 361.

As the verdict rendered is a nullity, the judgment is reversed and a new trial is allowed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.