JAMES WILSON v. STATE.

176 So. 845.
Division B.
Opinion Filed November 6, 1937.

*Lonnie Wurm,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

CHAPMAN, J.—The parties to this cause will be referred to in this opinion as they appeared in the court below as plaintiff and defendant. On October 15, 1935, an information was filed in the Criminal Court of Record of Duval County charging defendant with murder in the second degree for the killing of one Johnnie Ford on the 10th day of August, 1935, in Duval County, Florida, by stabbing him with a knife, thereby inflicting mortal wounds from which he later died. The defendant was duly arraigned on said information and on October 15, 1935, entered thereto a plea of not guilty.

The cause was tried before a jury and on October 29, 1935, a verdict was rendered by the jury finding the defendant guilty as charged. A motion for a new trial was made within the time prescribed by law and an order entered by the court overruling and denying the same; an insolvency order by the lower court entered, a judgment on the verdict was entered sentencing the defendant to the State Prison for the balance of his natural life. From this judgment a writ of error was obtained and a review of said judgment here is sought, with six different assignments of error for a reversal of said judgment.

The first assignment raises the question of the sufficiency of the evidence to sustain the verdict. The State intro-

duced a number of eye witnesses to the difficulty and officers who took defendant into custody and the admissions made to them, as well as his statement to the police officers on Monday following the tragedy, and giving each detail thereof and the statement of the defendant to the jury with other witnesses in his behalf, create a question of fact to be settled by the jury. There was no error on the part of the lower court in overruling and denying the motion for a new trial.

Assignments numbered two, three and four can be considered under one assignment as they consist of the refusal of the court to instruct the jury in behalf of the defendant. The law is well settled that single instructions cannot be argued here as error, but the charge as an entirety must be considered. We have considered the requested instructions in the light of the entire charge given by the court to the jury upon the evidence offered by the respective parties. The entire charge given by the court below meets the requirements of the law and no error was committed in refusing to give the requested instructions.

Assignments five, six and seven argued here challenge the correctness of the court in the admission of evidence during the trial of the cause. While it may be true that the court, technically, was in error in allowing some of the evidence challenged to go to the jury, but considering the entire questioned testimony, we fail to see where reversible error occurred and such error, if any, was harmless.

Section 4499 C. G. L., 2812 R. G. S., reads as follows:

"No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury, or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, un-

less in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."

The verdict by the jury is, viz.:

### "VERDICT.

"JACKSONVILLE, FLORIDA, Oct. 29th, 1935.

"We, the jury, find the Defendant, Guilty as charged in the information. So say we all.

"JAMES W. STEPHENS, Foreman."

It will be observed that the information charges the defendant with murder in the second degree. Under our statutes and the decisions of this Court the degree of murder was not determined by the verdict in this case as the defendant could have been convicted of murder in the second degree, murder in the third degree or manslaughter, but the verdict fails to point out the degree of murder that he stands guilty of. See Section 7140 C. G. L. In the case of Andrews v. State, 68 Fla. 140, text pages 142-143, 66 Sou. Rep., this Court said:

"Under our statute the crime of murder is divided into three degrees, the lines of demarcation between them being dependent upon the manner and intent with which they are committed, and this, of course, must be deduced from the facts and circumstances of each particular case. Under our statute also we have the crime of manslaughter that may be perpetrated, as defined by our statute, in divers ways, dependent wholly upon the facts and circumstances of each particular case. It is also well settled here that under an indictment charging murder in the first degree in terms only the accused may be convicted of either of the lesser degrees

of the same crime, or of manslaughter. Pottsdamer v. State, 17 Fla. 895. When, therefore, a party indicted in terms for murder in the first degree only, may, under such indictment, be convicted of three other distinct but lesser crimes; and when the crime charged and the three lesser ones included therein, are dependent, for their distinctiveness, upon the facts and circumstances adduced in proof in each particular case, it seems to be clear that the intention of this legislation was to require the jury in their verdict to specifically ascertain, find and declare what degree of crime has been made out by the proofs before them as a matter of fact. And, in case of a confession of guilt in open court, the judge must also ascertain and declare from the facts and circumstances what degree of the crime charged has been committed, and he can only do this by an examination of witnesses. As is so forcibly reasoned in the authorities quoted, a verdict of 'guilty,' or 'guilty as charged,' certainly cannot have any more potency as an indicator of the specific degree of the crime that has been committed, and for which the appropriate penalty must be inflicted, than the prisoner's own confession when he comes into court and says: 'I am guilty of the crime as charged in the indictment.' And yet the same statute, in the latter case, makes it imperative upon the judge to examine witnesses and from the proofs to ascertain the degree of the crime and to inflict the penalty therefor as he finds it to be from these proofs, and not from the defendant's confession. The verdict herein rendered, upon the terms of this statute, was a nullity, and no judgment or sentence could legally be pronounced therein.' Hall v. State, 31 Fla. 176, 12 South. Rep. 449. Lovett v. State, 31 Fla. 164, 12 South. Rep. 452; Murphy v. State, 31 Fla. 166, 12 South. Rep. 453; Nelson v. State, 32 Fla. 244, 13 South. Rep. 361."

The verdict rendered in this cause is a nullity and the judgment appealed from is reversed and a new trial granted.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.