## Jack C. Brown v. State.

184 So. 777.
Division B.
Opinion Filed November 18, 1938.
Rehearing Denied December 16, 1938.

*John L. Nixon,* for Plaintiff in Error.

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood,* Assistant Attorney General, and *Frank T. Cannon,* for the State.

CHAPMAN, J.—On May 7, 1937, Jack C. Brown, plaintiff in error, hereinafter referred to as the defendant, was informed against by the County Solicitor of the Criminal Court of Record of Duval County, for the larceny of fifteen suits of clothes, seventy-five ties, forty-eight pairs of socks, six pairs of shoes, and one ladies suit, property of Donaldson, Inc., a corporation, and of the total value of $430.40. The information recites that the property was stolen on the 27th day of February, 1937, in Duval County, Florida. The defendant on August 7, 1937, to the said information filed a plea of *autrefois acquit* and a motion to strike the plea was sustained by the trial court. On October 13, 1937, a second

plea of *autrefois acquit* was filed by the defendant. The authority for filing the second plea does not appear in the record in the form of a court order, but the trial court, under date of October 13, 1937, overruled and denied the second plea of *autrefois acquit*. The defendant was put upon trial before a jury and a verdict of guilty rendered, a motion for a new trial overruled and denied, when the trial court sentenced the defendant to the State Penitentiary for a period of three years at hard labor. From the judgment and conviction writ of error was sued out, the record perfected and a reversal is sought in this Court on a number of assignments of error.

When the case was called for trial on October 13, 1937, defendant, through counsel, presented to the court a motion for a continuance of the trial upon the ground of the absence of a material witness by the name of Bob Mallard, who had a knowledge of the whereabouts of the defendant on the night of February 27, 1937, when the personal property was alleged to have been taken, and that the said Bob Mallard would testify, if present, that he was with Jack C. Brown continuously between 11:00 o'clock P. M., on February 27th, to 7:00 o'clock A. M., February 28, 1937, and that the said Jack C. Brown did not unlawfully take the property described in the information. The motion for a continuance is not supported by testimony other than that of the defendant. There is no corroborating testimony in support of the motion for continuance to the effect that Bob Mallard, the absent witness, was in Duval County on the night of February 27, 1937; or of the materiality or admissibility of the alleged testimony appearing in the motion that would be given by the absent witness, and it was not made affirmatively to appear that diligence in procuring the attendance of the absent witness upon the trial of the case was impressed upon the trial court. The sole question presented for deci-

sion upon the motion for a continuance is: Did the lower court abuse its discretion in overruling and denying a continuance of the cause because of the absence of the material witness?

This Court has, from time to time, held that trial courts have a broad discretion in granting or denying applications for a continuance in criminal cases. It has been uniformly held that an application for continuance must be left with the trial court, who has the parties before it, and who must determine from a variety of circumstances occurring in its presence whether such application is made in good faith, and whether or not diligence has been exercised, the materiality of the testimony and whether or not the testimony of the absent witness can be given by other witnesses. The law requires that continuances in criminal cases should be scanned more closely than in civil cases, because of the advantages given to a defendant in a criminal case which flow from the continuance of a cause. The exercise by the trial court of its discretion in the matter of granting or denying applications for continuances will not be interfered with by an appellate court unless it is clearly shown that there has been a palpable abuse of such discretion to the injury of the party against whom it was exercised. See Ward v. State, 83 Fla. 311, 91 So. 189; Yarborough v. State, 94 Fla. 143, 114 So. 237; Jacques v. State, 86 Fla. 137, 97 So. 380; Hall v. State, 70 Fla. 48, 69 So. 692; Maddox v. State, 69 Fla. 695; 69 So. 20; Webster v. State, 47 Fla. 108, 36 So. 584; Denham v. State, 22 Fla. 664; Clinton v. State, 53 Fla. 98, 43 So. 312, 12 Ann. Cas. 150; Jerry v. State, 99 Fla. 1330, 128 So. 807.

It is next contended that reversible error occurred by permitting or allowing the juror H. C. Smith to sit upon the trial of the case when it was shown that he was a special police officer of the City of Jacksonville. When the juror

was examined on his *voir dire* examination he neglected or omitted to advise counsel engaged in the case that he was a special police officer of the City of Jacksonville and some progress had been made in the trial of the cause when he disclosed the information, and this question is assigned as error. Counsel for defendant cites a number of authorities to sustain his position to the effect that a new trial should be granted because of the juror H. C. Smith. The law disqualifying persons to act as jurors because of holding official positions does not include special police officers of the City of Jacksonville of which H. C. Smith was a member. See Section 2 of Chapter 4451 C. G. L. The statement of the juror as to his qualification, is, viz.:

"Juror Smith: The question was asked me if I were a member of any law-enforcement body. I am not sworn in for regular duty, but I am a special officer for the City of Jacksonville.

"The Court: Might say that the juror just mentioned that to me. What he asked me was, what would constitute him being a member of some law-enforcement body. I suggested that he ask the question out loud, so that if counsel wished to question him they may do so."

It is clear that the juror was not on the pay roll of the City of Jacksonville, was not giving his time to law enforcement duties, and never had taken an oath or been assigned to any regular duty as a special police officer. We have considered the many cases cited by counsel for defendant in support of his contention that the lower court erred in refusing to grant the motion for a mistrial. While we can agree with the legal principles involved in the cases cited, we are forced to disagree with the conclusion of counsel for defendant that error was committed in denying the motion for a mistrial.

It is next contended that reversible error was committed

in the trial of the case when some of the alleged stolen articles were offered in evidence during the progress of the trial as it was contended by the prosecution that State's witnesses LeRoy Pierce and Charlie Marks stole the property offered in evidence. We fail to see or observe error on the part of the trial court in admitting into evidence some of the articles recovered which were alleged to have been stolen by the above named State witnesses.

We have observed the contention of counsel for the defendant about improper remarks of the State Attorney, the article appearing in the newspapers about shoes, etc., and the record has been fully considered in connection with this assignment.

Questions numbered 9, 10, 11, 12, and 13 have been studied and considered in the light of the record, and authorities in support thereof have been considered, but when the case is considered in its entirety, rather than selected portions thereof presented and argued, we do not think that error occurred in the lower court by this adverse ruling.

It is next contended that the verdict and judgment should be set aside because the jury failed to specify in its verdict the value of the goods stolen. The case of Wilson v. State, 129 Fla. 891, 176 So. 845, is relied upon to sustain that conclusion. In the Wilson case, *supra*, the defendant had been tried on an indictment charging murder in the first degree and the verdict failed to specify the degree of murder, as required by the statute, of which the defendant was guilty, and for this reason the verdict was a nullity. The verdict in the case at bar is, viz.: "We the jury, find the defendant guilty as charged in the information, and recommend the mercy of the Court. So say we all." The information charged the defendant with the larceny of different articles of wearing apparel which was the property of Donaldson, Inc., all of the value of $430.40. We think the verdict fol-

lows the information when it alleges that he was guilty "as charged in the information." There is no merit to this assignment.

The testimony of Leroy Pierce and Charlie Marks, accomplices of the defendant, was offered by the prosecution. These witnesses were closely examined by counsel for defendant. The trial court charged the jury as to the law on admitting testimony of accomplices. The testimony of the two State witnesses, or accomplices, was attempted to be impeached by counsel for the defendant by a number of reliable witnesses, but the jury had a right to believe or disbelieve these witnesses and elected to believe the testimony and rendered a verdict of guilty. It is true that the testimony was conflicting and contradictory. If the verdict as found by the jury is set aside by this Court, it simply means, in effect, that this Court is substituting its judgment for that of the jury. When a verdict is not manifestly against the weight of the evidence, although the testimony is contradictory and conflicting, it is within the province of the jury to pass upon the testimony and the Court should not interfere with or set aside the verdict of the jury. See Burnett v. Soule, 78 Fla. 507, 83 So. 461; Tallahassee R. Co. v. Macon, 8 Fla. 299; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557.

We have not overlooked the testimony to the effect that the defendant pulled his box at 20 minutes to 12:00, and at 20 minutes to 1:00 and at 20 minutes to 2:00, and 20 minutes to 3:00, located at Main and Adams Streets, and that Lieut. Knight and James Edmondson corroborated the defendant's testimony. We hold that these facts were for the jury under appropriate instructions.

It is next argued that reversible error was committed in

sustaining a motion to strike the following plea of *autrefois acquit*:

"The said Jack C. Brown, in his own proper person, now comes into Court, and having heard the said information read, and protesting that he is not guilty of the premises as charged in the said information, says that the State of Florida ought not further to prosecute the said information against the said Jack C. Brown, because he says that heretofore, to-wit: at the Criminal Court of Record of Duval County, and State of Florida, at the June term of the said Court it was presented that the said Jack C. Brown then and there was tried and acquitted upon the following information, to-wit, did feloniously break and enter a certain building, to-wit, the store house of Donaldson, Inc., a corporation, then and there situate at 117 West Adams Street, in the City of Jacksonville, Duval County, Florida, with intent then and there, to take, steal and carry away the money, property, goods and chattels, of another of the value of fifty dollars; as by the record thereof more fully and at large appears, which judgment still remains in full force and effect and is not in the least reversed or made void, and the said Jack C. Brown, in fact says that he, the said Jack C. Brown, and the said Jack C. Brown so indicted and acquitted as last aforesaid, are one and the same person and not other and different persons, and that the charge of breaking and entering a building with intent to commit a felony of which the said Jack C. Brown was so indicted and acquitted as aforesaid, and the crime of grand larceny of which he is now indicted are one and the same crime and not other and different crimes of larceny, and this the said Jack C. Brown is ready to verify; wherefore he prays judgment, and that by the Court he may be dismissed and discharged from the said premises in the present indictment specified."

We have examined the authorities cited by counsel to sus-

tain their contention. The weight of authority bearing on this assignment appears to be that jeopardy on an indictment charging breaking and entering with an intent to commit grand larceny of the same property at the same place does not preclude a prosecution and conviction of grand larceny because the two are separate and distinct offenses.

Bishop on Criminal Law (9th Ed.), Vol. 1, Section 1062, page 789, says:

"Therefore a jeopardy on an indictment charging the burglary as committed by breaking and entering with intent to steal is no bar to a prosecution for the actual theft. So, almost unanimously, are the authorities; and they do not differ in principle from what we have seen to be the majority doctrine in some other offenses. Still, to make a burglary thus double, and punish it twice, first as burglary and secondly as larceny, hardly accords with the humane policy of our law, and we have cases which refuse this double punishment. They proceed on the highly reasonable ground that 'where a criminal act has been committed, every part of which may be alleged in a single count in an indictment and proved under it, the act cannot be split into several distinct crimes and a several indictment sustained upon each. In reason, where the law permits a defined combination of things to be punished as one crime, how can a prosecutor select from this whole a part, and punish it precisely as it would the whole, then take up the rejected part and punish it, and deny that the latter is 'the same offense' with the former?"

Also, in 18 American and English Encyclopedia of Law, page 530, it was said:

"An acquittal or conviction on an indictment for burglary which alleges a breaking, entering, and stealing will bar a subsequent indictment for the larceny, and *e converso* an acquittal or conviction of the larceny will bar a subsequent

prosecution for the burglary if the latter indictment contains the above allegations. But it has been almost universally held that an acquittal or conviction on an indictment for burglary which merely charges a breaking and entering with intent to steal will not bar a subsequent prosecution for the actual theft, nor will an acquittal or conviction of the larceny bar a prosecution for the burglary so alleged."

Also, 16 C. J., Criminal Law, Sec. 462, pages 276-277, says:

"In the absence of a statute to the contrary, an acquittal or a conviction on an indictment for burglary which alleges a breaking, entering, and stealing will bar a subsequent indictment for the larceny, and e converso, an acquittal or a conviction of the larceny will bar a subsequent prosecution for the burglary, if the latter indictment contains the above allegations. But, although the contrary rule prevails in some jurisdictions, it has been held quite generally that an acquittal or a conviction on an indictment for burglary which merely charges a breaking and entering with intent to steal will not bar a subsequent prosecution for the actual theft. Nor will an acquittal or a conviction of the larceny bar a prosecution for the burglary so alleged."

Likewise, in the case of Ex Parte Peters, 12 Fed. 461, 2 McCrary 403, it was held:

"According to the great weight of authority, it may be regarded as settled that a person who breaks and enters a house with intent to steal therefrom and actually steals, may be punished under separate indictments for two offenses, or one, at the election of the power prosecuting him." Sec Bowen v. State, 106 Ala. 178, 17 So. 335; People v. Snyder, 74 Cal. App. 138, 239 Pac. 705; Ex Parte Hill, 101 Colo. 243, 72 Pac. (2nd) 471; Ex Parte Gano, 90 Kan. 134, 132 Pac. 999; State v. Wheeler, 95 Kan. 679, 149 Pac. 701; State v. Montcrieffe, 165 La. 296, 115 So. 493; People v.

Parrow, 80 Mich. 567, 45 N. W. 514; State v. Hackett, 47 Minn. 425, 28 Am. St. Rep. 380; Sharp v. State, 61 Neb. 187, 85 N. W. 38; State v. Martin, 76 Mo. 337, 4 Am. Crim. Rep. 86; Smith v. State, 22 Tex. App. 350, 3 S. W.. 238; Benton v. Commonwealth, 91 Va. 782, 21 S. E. 495; Triplett v. Commonwealth, 84 Ky. 193, 1 S. W. 84.

We have considered the record and second plea of *autrefois acquit* filed by the defendant and denied by the trial court. We fail to find error in the record and the judgment appealed from is hereby affirmed.

TERRELL, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.

THOMAS, J., not participating.