HOBSON, Justice.
Appellant, a former city patrolman on the Pensacola city police force, was .informed against below in two counts, the first count charging him, as well as two co-defendants, Coulter and Roberts, with larceny of an oxygen tank and an acetylene tank, and the second count charging appellant with receiving the same tanks, knowing them to have been stolen. A jury found appellant guilty as charged on the second count, and judgment was entered on this verdict. Coulter pleaded guilty, and Roberts, tried with appellant, was also convicted.
Witnesses against appellant included his co-defendant Coulter, and one Kla-patch, who had pleaded guilty to several felonies. Defense counsel attacked the credibility of' these witnesses “upon the theory that they had sought, and probably obtained, immunity, or leniency in consideration of their services to the State” but this remained only a theory, since the record affords no proof of it. Thus, although it is assigned as error, we hold that the trial court correctly refused the requested charges which pertained to the law under F.S. § 932.29, F.S.Á., because these charges would have been merely abstract propositions of law under the facts and circumstances of this case. The charge given was adequate.
Appellant further contends that it was error for the trial court to admit, in rebuttal of proof of his good character, which he had placed in issue, evidence of specific acts of bad conduct, Nelson v. State, 32 Fla. 244, 13 So. 361; Garner v. State, 28 Fla. 113, 9 So. 835; Roberson v. State, 40 Fla. 509, 24 So. 474; Gafford v. State, 79 Fla. 581, 84 So. 602; Cornelius v. State, Fla., 49 So.2d 332; 32 C.J.S., Evidence § 436, p. 68. We agree that the ad *282 mission- complained of was error, but we have studied the record at length, and find that the evidence, with particular reference to facts admitted by appellant himself, leaves no room for reasonable doubt that appellant received and aided in the concealment of the property in question, knowing it to have been stolen, and that admission of the improper rebuttal evidence was not prejudicial or harmful to the substantial rights of the accused. The case must be affirmed upon the authority of Cornelius v. State, supra, 49 So.2d 332.
Affirmed.
TERRELL, Acting Chief Justice, SE-BRING, J., and PATTERSON, Associate Justice, concur.