SEBRING, Justice.
This is a companion case to Stratton v. State, Fla., 77 So.2d 864, in which was involved a conviction for breaking and entering with intent to commit petit larceny. The judgment appealed from is one entered upon a jury verdict finding the appellant guilty of assault with intent to rape and an attempt to kidnap.
As stated in the companion case, the appellant Stratton was employed in a music store owned and operated by a husband and wife in Pensacola, Florida. In the early morning of April 10, 1952, while the husband was out of town, their residence was broken into and entered. The wife, who was sleeping in the house at the time, testified that the intruder carried her 8-year old daughter from her bed on the second floor of the residence but dropped her and ran when she, the mother, was awakened by the child’s screams as she was carried down the stairs. While the mother saw the form of the intruder descending the staircase with her daughter in his arms, and described him as a “man slightly taller than I was and * * * slender and * * * very light and fast on his feet,” she could not positively identify the appellant as the man; and therefore the prosecution depended primarily upon the confession and voluntary plea of guilty in the companion case above decided to establish that the intruder was in fact the appellant Stratton. Nickels v. State, 90 Fla. 659, 685, 106 So. 479; Thomas v. State, 132 Fla. 78, 84, 181 So. 337, and Kennedy v. State, 140 Fla. 124, 191 So. 193.
Appellant, in the course of his employment or professional affiliation with the music store in question, had given lessons in voice and piano to his employers’ daughter and a neighbor’s child for a period of several weeks in a studio room at their residence, and on these and later occasions became friendly with the family boxer dog. He subsequently continued the daughter’s lessons at the store. He claimed to have been present in his employers’ home on other occasions for the purpose of helping the wife in the art of German cuisine, but she denied this and said he simply delivered to her and her husband, unsolicited, certain dishes prepared by him in that line.
His employment record at the store had been somewhat erratic, his employer’s wife reporting that on the occasions when she assisted in the store he either gave no excuse at all for failures to be on hand for lessons, or reported such things as having fallen down stairways or otherwise injured himself. By innuendo in his own testimony he infers that unwelcome attentions from her had prompted his absences from the store. With respect to the ultimate termination of the services of the appellant, his employers denied his assertion that he was discharged. They testified in regard to this point that, although no accusations were ever made against the appellant, he simply failed to show up for work after the occurrence of the crime involved in this appeal.
As appears from the opinion in the companion case, several days following the entry into the home in question, the appellant, who testified that a friend had told him the police wanted to question him, called the station to verify this fact and arranged to wait at his apartment for a visit from officers. Before their arrival he left town and was not apprehended until several months later in Virginia.
Relative to the alleged assault, the only facts which appear in the record bearing on the intent of the appellant are the statement by the child’s mother that the little *867 girl had on only her pajama top when the mother picked her up from the landing on the stairway; and the testimony, about which there is some conflict, that there were heel prints on the child’s bed and three hairs on the sheet, presumably the same color as appellant’s. The child was not called as a witness, and the only injury suffered by her to which reference is made in the record was an injury to her mouth which apparently occurred when she was dropped on the stair landing. Although the family dog was present in the house, he created no disturbance; the intruder himself wore soft shoes and made no noise, and the mother, as already noted, was awakened only by her daughter’s screams as she was carried from her room.
It is conceded by the Attorney General that the evidence in the cause is wholly insufficient to sustain a conviction of assault with intent to rape; and after exhaustive examination of the record we are compelled to agree with this conclusion.
But in view of the stealth employed by the intruder in his preparations and flight, and his forcible asportation of the child under the circumstances described, we have the opinion that there is sufficient evidence upon which a jury might lawfully find that the defendant was guilty of an attempt to kidnap. For it has been held in respect to convictions under this law, Sec. 805.01, Florida Statutes 1953, F.S.A., that the intent to kidnap and confine, etc., may be “inferred from the character of the illegal acts clearly shown.” Billings v. State, 89 Fla. 309, 103 So. 628, 629. Thus the jury, upon the facts before it, was warranted in concluding that appellant had the requisite intent, and that he committed an “overt act apparently adapted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design.” Gustine v. State, 86 Fla. 24, 97 So. 207, 208. Cr. Holroyd v. State, 127 Fla. 152, 172 So. 700.
The appellant also contests the propriety of convictions upon multiple charges, i. e., breaking and entering with intent to commit petit larceny, and attempt to kidnap, based upon what he claims was the same criminal transaction. It is apparent, however, that there was presented in this case a situation involving, in fact, two severable and distinct criminal acts or offenses, which occurred on the occasion of the unlawful invasion of the premises, and we have no difficulty in reconciling the cases cited on the point. Compare Simmons v. State, 151 Fla. 778, 10 So.2d 436, with Brown v. State, 135 Fla. 90, 184 So. 777. See also 22 C.J.S., Criminal Law, § 285, p. 427.
The judgment appealed from should be affirmed in part and reversed in part in accordance with the conclusions herein-above reached.
It is so ordered.
MATHEWS, C. J., and TERRELL and ROBERTS, JJ., concur.