### STATE v. McCORMICK.
### No. 4892.

Circuit Court, Dade County, Criminal Appeal.

February 11, 1960.

Hylan H. Kout, Miami Beach, for appellant.

Richard E. Gerstein, State Attorney, Eugene P. Spellman, Ass't. State Attorney, for appellee.

GRADY L. CRAWFORD, Circuit Judge.

Appellant was charged and convicted in the metropolitan court of Dade County for driving while under the influence of intoxicating liquor to the extent that his normal faculties were impaired (section 19.01 of ordinance 57-12) and for careless driving (section 19.04 of ordinance 57-12). Judgments and sentences were entered thereon; and appellant sought review before this court.

On appeal, appellant contended that the evidence was insufficient to support the conviction; that the conviction for careless driving barred the conviction for driving while under the influence of intoxicating liquor; and that the sentences were excessive.

As to appellant's first point, the court is of the opinion that the record-on-appeal reflects that the trial judge had before him more than sufficient evidence upon which to sustain a conviction. Under such circumstances, it is not within the purview of this court to disturb the trial judge's findings. Browning v. State, 41 Fla. 271, 26 So. 639. See also Wood v. State, 155 Fla. 256, 19 So. 2d 872; and Giuliano v. State, Fla. 1950, 46 So. 2d 182.

In appellant's point II, he contends that his conviction for the offense of careless driving bars his conviction for driving while under the influence of intoxicating liquor. In support of this contention, he cites Driggers v. State, 137 Fla. 182, 188 So. 118; Faulkner v. State, 146 Fla. 769, 1 So. 2d 857; and Sciortino v. State, Fla. App. 1959, 115 So. 2d 93. The court has examined these cases in the light of authorities cited by the appellee and finds them to be inapplicable to the case at hand. The Supreme Court of Florida, in numerous cases, has held that where the facts establish that a defendant is guilty of separate and distinct crimes, although involved in one transaction, the acquittal or conviction of one does not bar the prosecution of the second offense.

In Brown v. State, 135 Fla. 90, 184 So. 777, the defendant, Brown, was convicted of breaking and entering with intent to commit grand larceny and grand larceny. In that case, the Supreme Court of Florida held that the defendant could be convicted of both crimes, either in separate indictments for the two offenses or in one indictment at the election of the power prosecuting him.

In Stratton v. State, Fla. 1955, 77 So. 2d 865, the Florida Supreme Court was confronted with the almost identical question of law. In that case, the defendant was convicted of breaking and entering with the intent to commit petit larceny and with the crime of attempting to kidnap. In holding that these crimes constituted separate and distinct offenses, the Supreme Court stated (77 So. 2d at 867) —

"The appellant also contests the propriety of convictions upon multiple charges, i.e., breaking and entering with intent to commit petit larceny, and attempt to kidnap, based upon what he claims was the same criminal transaction. It is apparent, however, that there was presented in this case a situ-

ation involving, in fact, two severable and distinct criminal acts or offenses, which occurred on the occasion of the unlawful invasion of the premises, and we have no difficulty in reconciling the cases cited on the point. Compare Simmons v. State, 151 Fla. 778, 10 So. 2d 436, with Brown v. State, 135 Fla. 90, 184 So. 777. See also 22 C.J.S., Criminal Law, § 285, p. 427."

After having examined sections 19.01 and 19.04 of ordinance 57-12 and the above stated authorities, the court is of the opinion that the offenses of careless driving and driving while under the influence of intoxicating liquor to the extent one's normal faculties are impaired, constitute separate and distinct offenses; and that the acquittal or conviction for one offense would not bar the prosecution of the other offense.

Appellant also challenges the sentences of the trial court on the ground that the same were excessive. An examination of the record discloses that the sentences were within the limits defined by ordinance 57-12. In view of this fact, it is not within the province of this court, sitting as an appellate court, to reduce or modify them. See Brown v. State, 152 Fla. 853, 13 So. 2d 458, and Stanford v. State, Fla. 1959, 110 So. 2d 1.

Accordingly, the judgments appealed from are affirmed.